## MATTER OF GAGLIO

### In Visa Petition Proceedings

### A-11184868

### *Decided by Board August 2, 1967*

Since section 241(f), Immigration and Nationality Act, as amended, by its very provisions relates to the deportation of aliens within the United States, the benefits of that section are not available in visa petition proceedings to an alien beneficiary outside the United States.

ON BEHALF OF PETITIONER: Harry Kobel, Esquire
2156 Penobscot Building
Detroit, Michigan 48226
(Brief filed)

The case comes forward on appeal from the order of the District Director, Detroit District, dated June 1, 1967 denying the visa petition under the provisions of section 204(c) of the Immigration and Nationality Act, as amended, on the ground that the alien-beneficiary has previously been accorded nonquota status as the spouse of a United States citizen by reason of a previous marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws.

The petitioner, a native-born citizen of the United States, 24 years old, filed a visa petition at Palermo, Italy on September 16, 1966 seeking immediate relative status on behalf of the beneficiary as her husband. The beneficiary is a native and citizen of Italy, 30 years old. The parties were married at Wyandotte, Michigan on July 30, 1966.

The visa petition indicates that the beneficiary was married once previously. The immigration file relating to the beneficiary discloses he was previously under deportation proceedings commenced July 30, 1957. The special inquiry officer on August 9, 1957 ordered the respondent deported under the provisions of section 241(a)(1) as an alien excludable by law at the time of his entry on April 15, 1957 as a stowaway, under section 212(a)(18) of the Act. On appeal, the privilege of voluntary departure and preexamination was requested on the basis of a marriage which occurred August 28, 1957. We remanded.

the case to the special inquiry officer for his consideration and action in view of the provisions of 8 CFR 242.21 then in effect. The special inquiry officer on December 5, 1957 withdrew the order of deportation and ordered the proceedings reopened. The beneficiary apparently adjusted his status on the basis of his marriage to one Johnie Johnson, a United States citizen, and was admitted as a nonquota immigrant upon presentation of an immigrant visa.

Subsequently deportation proceedings were again commenced on October 8, 1965, alleging that the beneficiary's prior marriage had been terminated by a divorce on May 22, 1961 and charging that the respondent was unable to establish that his marriage was not contracted for the purpose of evading the immigration laws and was deportable under section 241(a)(1) as an immigrant without a valid immigrant visa under section 212(a)(20) on the ground that the visa had been obtained by fraud or wilful misrepresentation as provided by section 212(a)(19). The special inquiry officer on October 7, 1966 indicated that the case was closed because the alien departed prior to the conclusion of the hearing.

The visa petition was previously before us on April 10, 1967 on appeal from the order of the officer in charge, Palermo, Italy dated January 31, 1967 denying the visa petition pursuant to section 204(c) for the reason that the beneficiary was previously accorded nonquota status as the spouse of a citizen of the United States by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws. We pointed out that the record failed to contain a determination by the Attorney General that the prior marriage was entered into for the purpose of evading the immigration laws. In view of the fact that the petitioner had returned to the United States and was then residing in Detroit, Michigan, we remanded the case for further consideration by the District Director and for such further action as might appear appropriate. The District Director, the duly delegated representative of the Attorney General, has now determined that the marriage was entered into for the purpose of evading the immigration laws. This finding was apparently based upon the testimony of the first wife in the deportation proceeding.

In connection with the appeal present counsel has suggested that the question of the bar under section 204(c) of the Immigration and Nationality Act may now be moot in view of the decision of this Board in *Matter of Manohisi*, Int. Dec. No. 1711 (March 7, 1967) which in turn was based on the decision of the Supreme Court in *Errico and Scott* v. *Immigration and Naturalization Service*, 385 U.S. 214. *Manohisi* held that despite the finding that the respondent was deportable

under section 241(c) on the basis of a fraudulment marriage, he was nevertheless saved from deportation by section 241(f) of the Immigration and Nationality Act on the basis of the Supreme Court ruling in the *Errico* and *Scott* cases, supra, that the respondent was "otherwise admissible" at the time of such entry, and that his fraud in gaining such entry had been excused under section 241(f).

*Matter of Manchisi* would appear to be an inappropriate precedent. Section 241(f) by its very terms relates to the deportation of aliens within the United States. Section 241(f) does not relate to visa petitions. Insofar as the present visa petition is concerned, there is ample evidence, by whatever standard of proof is used, to conclude that the beneficiary had previously been accorded nonquota status as a spouse of the United States citizen by reason of a marriage which has been determined to have been entered into for the purpose of evading the immigration laws. Insofar as the visa petition itself is concerned, the appeal will be dismissed.

Present counsel submits that it is not necessary for the beneficiary to obtain a new immigrant visa for reentry to the United States and requests that an appropriate order be made for the beneficiary's return to the United States for determination of his admissibility. However the beneficiary is presently abroad. It is not known what documents the beneficiary possesses or needs in order to return to the United States. His application for determination of these matters in the first instance is for the consular officer. In the event he requires a returning resident's visa, the consul may give consideration to the exercise of the waiver contained in section 212(i) of the Immigration and Nationality Act.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.